[Civ. No. 3704. First Appellate District, Division Two.—March 8, 1921.]

JENNIE B. JOHNSON et al., Appellants, v. JOHN H. CRABBE, Respondent.

[1] JUDGMENTS—APPEAL—RES JUDICATA.—Where, after a judgment of the justice's court has been affirmed on appeal, the judgment debtors bring an independent action in the superior court to have that judgment annulled on the ground that it is void for irregularities, and that the action of the superior court in affirming it is also void, and such superior court action is decided in favor of the defendant therein (the judgment creditor in the former justice's court action), and that judgment becomes final, the questions involved are *res judicata* between the parties and the facts may not be inquired into anew in a subsequent action brought in the superior court by said judgment debtors.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. Frank J. Murasky, Judge. Affirmed.

The facts are stated in the opinion of the court.

Daniel O'Connell for Appellants.

John H. Crabbe, *in pro. per.*, for Respondent.

LANGDON, P. J.—This is an appeal by the plaintiffs from a judgment against them in an action brought by them to annul a judgment previously entered against them in an action in which the defendant herein was plaintiff and the plaintiffs herein were defendants. The complaint alleged that on March 6, 1916, John H. Crabbe, defendant herein, commenced an action for $208 against Johnson and O'Connell in the justice's court. The details of the proceedings had in said justice's court are then alleged and the fact of the entry of a default judgment in said action against said Johnson and O'Connell on April 6, 1916, and the issuance and levy of an execution thereunder. It is also alleged that said Johnson and O'Connell filed an undertaking on appeal, staying execution on said judgment; that upon appeal to the superior court said judgment of the justice's court was affirmed. The complaint is voluminous and contains much argumentative matter upon the effect of the various rulings and orders made by the justice's court and by the superior court, the general purport of the argument being that the judgment of the justice's court was void for irregularities, and that the action of the superior court in affirming said judgment was also void, because it affirmed a void judgment. The prayer is "that said judgment of the superior court and also said judgment of the justice's court be canceled and annulled and that the defendant, his agents, servants and assigns be restrained and enjoined from commencing or prosecuting any action or proceedings whatever for the enforcement or collection of said judgment or said undertaking on appeal staying said execution."

The second count alleges that the undertaking staying execution on appeal which plaintiffs caused to be filed in the justice's court was procured by the representations of Crabbe that he had recovered a judgment against said Johnson and O'Connell and had levied execution thereunder upon the bank accounts of said Johnson and O'Connell; that the said conduct of said Crabbe was menace and duress toward the plaintiffs, and the representation and

51 Cal. App.—44

allegation that he had a good and valid judgment and execution against plaintiffs were false and fraudulent in that he had no judgment—the said judgment being a void judgment, etc. It is then alleged that said Crabbe is prosecuting an action in the justice's court on said undertaking. It is prayed that said undertaking be set aside and canceled and Crabbe restrained and enjoined from proceeding with any action on said undertaking.

[1] The defendant Crabbe denied all the material allegations of the complaint and as one of his affirmative defenses alleged that at the time of the filing of the complaint herein there was pending in the superior court, Department No. 2 thereof, an action numbered 79,792, wherein the parties plaintiff and party defendant were the same parties, respectively, as the parties plaintiff and party defendant in the present action; that the cause of action involved in said action No. 79,792 was identical with and the same as the cause of action attempted to be alleged in the present action, and that in said action No. 79,792, so involving the same questions of law and fact between the same parties plaintiff and defendant, judgment in favor of defendant was duly given, made, and entered and that such judgment is an adjudication of the rights of the respective parties in the present action, and the questions involved in the present action are, therefore, *res adjudicata* as between the parties plaintiff and defendant herein.

The record in said action No. 79,792 was admitted into evidence in the present action, and while it is not included in the transcript on appeal and is not before this court, the trial court found with reference thereto that "complaint therein (action No. 79,792) was filed on February 7, 1917, in said superior court, and that thereafter, and on, to wit, the ninth day of March, 1917, a general demurrer of said John H. Crabbe interposed to said complaint was sustained, and the plaintiffs were allowed time to amend; that the plaintiffs did not file the amended complaint within the time allowed by law and the order of the court, or at any other time, or otherwise, or at all, and that thereafter, and on, to wit, the twenty-seventh day of April, 1917, judgment for costs was rendered in favor of the defendant, to wit, John H. Crabbe, in said

action No. 79,792; and that the said judgment was fully paid and discharged on the sixteenth day of June, 1917; that no appeal has been taken from said judgment, and that said judgment in said action No. 79,792, has become and is now final. And the court further finds that the parties plaintiff, and the party defendant in said action No. 79,792 in the above-entitled court were and are the same parties plaintiff and defendant, respectively, as in this action, to wit, No. 82,038, in the above-entitled court, and that the relief sought in said action No. 79,792 was the same as, and identical with, the relief sought in this action, to wit, No. 82,038 in the above-entitled court, and that the pretended cause of action in each case is the same.''

Under this state of facts most of the matters argued by the appellants in their brief have no bearing whatever upon the question presented to this court upon this appeal. We are not concerned with the errors, if any, committed in the justice's court; that judgment has been affirmed by the superior court. The involved facts set up in the present case and urged as grounds for the annulment of the judgments of the justices' and superior courts were decided adversely to appellants in an action in the superior court, from which no appeal has ever been taken, and which had become final before the entry of judgment in the present action. Clearly, under the above-quoted finding of the trial court, the questions involved in the present action were *res adjudicata* between the parties, and the facts could not be inquired into anew.

The judgment is affirmed.

Sturtevant, J., and Nourse, J., concurred.